# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GAMBRELL,<br><br>        Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00675-DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER 42 U.S.C. § 1983<br><br>(Doc. 12)<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

**Order**

**I.     Background**

Plaintiff Robert Gambrell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 15, 2009, Plaintiff filed the complaint that initiated this action. (Doc. 1.) On September 30, 2009, the Court dismissed Plaintiff's complaint for failure to state a claim under § 1983, with leave to file an amended complaint within thirty days. (Doc. 11.) On October 19, 2009, Plaintiff filed his amended complaint. (Doc. 12.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Plaintiff's First Amended Complaint And Analysis

Plaintiff was incarcerated at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants Warden Ken Clark and cook J. Escobedo.

Plaintiff alleges that on September 19, while Plaintiff worked in the G-yard dining room/kitchen, Plaintiff slipped and fell in grease and water. Plaintiff waited for four hours before he was transported to Fresno Community Hospital. Surgery was performed to repair a commuted fractured femur of Plaintiff's right leg. Plaintiff contends that this accident could have been prevented if safety measures and equipment had been available.

Plaintiff requests injunctive relief, including rubber mats and anti-skid strips, safety gear, warning signs, future medical care related to his injury, and monetary damages.

Plaintiff again fails to state a cognizable § 1983 claim. Plaintiff was previously provided with the pleading requirements for an Eighth Amendment claim. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v.*

1  *McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.
2  1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement,
3  prison officials may be held liable only if they acted with "deliberate indifference to a substantial
4  risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

5        The deliberate indifference standard involves an objective and a subjective prong.  First,
6  the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v.*
7  *Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second,
8  the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . .
9  . ." *Id.* at 837.  Mere negligence on the part of the prison official is not sufficient to establish
10 liability, but rather, the official's conduct must have been wanton. *Id.* at 835; *Frost*, 152 F.3d at
11 1128.

12       Plaintiff's allegations amount at most to negligence by Defendants Clark and Escobedo,
13 which is not a cognizable § 1983 claim.  Plaintiff fails to demonstrate that Defendants knew of
14 and disregarded an excessive risk to Plaintiff's health or safety.  Plaintiff's legal conclusion that
15 Defendants were deliberately indifferent does not state a claim. *Iqbal*, 129 S. Ct. at 1949.

16 **III.    Conclusion and Order**

17       Plaintiff fails to state any cognizable federal claims against any Defendants.  Plaintiff had
18 previously been provided with the opportunity to amend his complaint to cure the deficiencies
19 identified.  Plaintiff amended his complaint, but is still unable to state a cognizable § 1983 claim.
20 Accordingly, the Court finds that further leave to amend will not be granted. *Lopez v. Smith*, 203
21 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

22       Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED with
23 prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.
24 This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

25       IT IS SO ORDERED.

26       Dated: **April 13, 2010**          **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE